Mark V. Asdourian, Esq. (State Bar No. 123688)
Jamie L. Ackerman, Esq. (State Bar No. 258457)
MARK V. ASDOURIAN, PLC
4675 MacArthur Court, Suite 490
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301
www.asdourianlaw.com

Attorneys for Defendant,
WMC Mortgage, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| EMMA FELDMAN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.; WMC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONAL DEFAULT SERVICING CORPORATION; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:14-cv-00840-SVW-SS<br><br>JUDGE STEPHEN V. WILSON<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WMC MORTGAGE, LLC'S MOTION TO DISMISS COMPLAINT<br><br>[F.R.C.P. 12(b)(6), (e)]<br><br>　DATE: MARCH 24, 2014<br>　TIME: 1:30PM<br>　PLACE: COURTROOM 6 |

///

Defendant WMC Mortgage, LLC ("WMC") hereby respectfully submits the following memorandum of points and authorities in support of its motion to dismiss Plaintiff Emma Feldman's complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE.

On or about August 8, 2006, WMC, the original lender, made Plaintiff a loan in the amount of $285,000.00 with respect to that certain real property commonly described as 1332 West 107th Street, Los Angeles, California 90044 (the "Property"). The loan originated by WMC was secured by a Deed of Trust.  MERS is the beneficiary of the Deed of Trust.  Complaint, ¶¶1, 4, 31, and Exhibit "A".  Select Portfolio Servicing, Inc. ("SPS") services the loan. Complaint, Exhibit "D". On or about June 3, 2010, MERS assigned its beneficial interest in the Deed of Trust to HSBC Bank USA, National Association, as Trustee for the Certificate Holders of the Ace Securities Corp. Home Equity Loan Trust, Series 2007-WM1, Asset Backed Pass-Through Certificates ("HSBC Bank").  Complaint, Exhibit "B".

In accordance with the terms and conditions of the Deed of Trust Plaintiff executed, foreclosure proceedings were initiated and a Notice of Default was recorded on November 21, 2013 by National Default Servicing Corporation, as Trustee for SPS, as servicing agent for HSBC Bank. Complaint, Exhibit "E".

As best as can be discerned, Plaintiff claims that the following actionable conduct occurred in connection with the origination of her loan: (1) The Deed of Trust is a nullity and was never perfected because MERS is not a true/proper beneficiary (Complaint, ¶¶32, 36-37); and (2) Defendants engaged in unfair competition in violation of Business and Professions Code §17200. Complaint, ¶83.  Plaintiff also claims that SPS violated provisions of the federal Home Affordable Modification Program ("HAMP") (Complaint, ¶¶22-

30) and that Defendants violated Civil Code ¶¶2923.5 and 2923.6. Complaint, ¶47. Based upon these allegations, Plaintiff asserts three causes of action against WMC. WMC respectfully submits that even if the complaint's allegations are accepted as true for purposes of this motion, the pleading fails to state a claim against WMC as a matter of law and should therefore be dismissed with prejudice.

## II. THE COMPLAINT IS INADEQUATELY PLED.

### A. Plaintiff's Fraud Allegations are not Alleged with the Requisite Particularity.

Rule 9(b) provides that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . .". In order to satisfy this standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612 at *3 (N.D. Cal 2007); citing, *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) [en banc]. S*ee, also, Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) [Noting that Rule 9(b) requires "the pleader [to] state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"].

Where, as here, a plaintiff sues multiple defendants, Rule 9(b) requires allegations specifying which defendant did what: "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding the alleged participation in the fraud." In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant in the alleged fraudulent scheme." *Swartz v.*

*KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

In support of the eighth count for violation of Business and Professions Code §17200, Plaintiff alleges that Defendants committed acts of unfair competition by, *inter alia*, violating Civil Code §1709[1] and engaging in fraud. Complaint, ¶83. These allegations are wholly deficient as they fail to set forth the identity of the person(s) who made the alleged deceitful misrepresentations of fact, the party on whose behalf the person making the alleged misrepresentations of fact acted, and when the facts were misrepresented. Rather than providing details as to these fundamental facts, the complaint lumps all of the defendants together and indiscriminately charges them with fraud without identifying the role any of the parties independently played in direct contravention to what Rule 9(b) expressly requires. In the limited instances where the pleading does differentiate among the numerous Defendants, it nonetheless fails to disclose the identity of the persons who made the alleged fraudulent representations. The melding of the parties and inadequacy of the allegations of fraud renders the fraud allegations insufficient under Rule 9(b) as a matter of law.

B.   *The Balance of the Claims of the FAC Fail to Satisfy Rule 8(a).*

Each of the remaining claims asserted in the complaint is governed by Rule 8(a) which requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). That is to say, a plaintiff must plead sufficient facts "to provide the 'grounds' of his entitle[ment] to relief, [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 1964-65; citation omitted. A

---

[1] Civil Code §1709 states that "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.*, at 1968; citation omitted. Rather, the facts set forth in the complaint must be sufficient to "nudge the claims across the line from conceivable to plausible." *Id.* at 1974. None of the remaining claims asserted against WMC satisfy the pleading requirements embodied in Rule 8(a) and should therefore be dismissed.

### III. PLAINTIFF'S CLAIMS ARE SUBSTANTIALLY FLAWED.

*A. Plaintiff has no Claim Against WMC for Wrongful Foreclosure.*

The first cause of action is for wrongful foreclosure. In support of the same, Plaintiff alleges that: (1) SPS breached the Servicer's Participation Agreement by failing to review Plaintiff's financial information and negotiate a loan modification in good faith; (2) Defendants did not contact Plaintiff to assess her financial situation and explore options to avoid foreclosure in violation of Civil Code §2923.5; (3) Defendants engaged in fraudulent and wrongful foreclosure of the property despite lacking legal authority to foreclose upon the same; and (4) Defendants did not comply with Civil Code §2923.6. Complaint, ¶¶45-47. The first count fails to state a claim against WMC for several reasons.

First, Plaintiff has not alleged that the Property was sold. As such, Plaintiff cannot state a cause of action for wrongful foreclosure as a matter of law. *See, Swanson v. EMC Mort. Corp.*, 2009 WL 4884245 at *10 (E.D. Cal. December 10, 2009) [Holding that "in the absence of a foreclosure sale, [Defendant] cannot be liable for 'wrongful foreclosure'"]. Second, as confirmed by the Notice of Default appended to Plaintiff's complaint, WMC was not a party to the foreclosure process. WMC, as the original lender, was similarly not a party to the loan modification process. Complaint, ¶39 and Exhibit "E". As such, the allegations regarding Defendants' purported failure to comply with Civil Code §§2923.5 and 2923.6 and to consider Plaintiff's loan

modification application in good faith have no bearing upon WMC. Complaint, ¶¶22, 39, 45 and Exhibits "B" and "E". Finally, even if WMC had somehow violated Civil Code §2923.6, and is did not, there is no private right of action for a violation of the statute. *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282 and fn 17 and *Massett v. Bank of America, N.A.* 2013 Wl 3789655 at *2 (C.D. Cal. July 18, 2013). By reason of the foregoing, WMC's motion to dismiss the first cause of action should be granted.

   *B.   Plaintiff's Negligence Claim Fails as Against WMC as a Matter of Law.*

The second count asserts a claim for negligence. In support thereof, Plaintiff avers that SPS thwarted Plaintiff's loan modification efforts and that as a direct and proximate result of SPS's conduct, Plaintiff's loan was not modified. Complaint, ¶¶52-55. A cause of action for negligence must allege the following elements: (1) the defendant's legal duty of care owed toward plaintiff; (2) the defendant's breach of that duty or negligent act of omission; (3) injury to plaintiff as a result of the breach - proximate or legal cause; and (4) damage to the plaintiff. *Hoyem v. Manhattan Beach City School Dist.*, (1978) 22 C.3d 508, 513. In order to state a negligence claim, it is necessary for a Plaintiff to set forth facts that, as a matter of substantive law, amount to a breach of a duty of care. *See South v. San Benito*, (1919) 40 C.A. 13, 21. The second count fails as against WMC for several reasons.

First, as can be seen, the second cause of action does not level a single charging allegation against WMC. The second count fails summarily as against WMC for this reason alone. Second, the complaint cannot satisfy the foundational element for a negligence claim, namely, a duty. Indeed, it is well established California law that a lender owes a borrower no duty, when acting as a mere lender of money. *Price v. Wells Fargo Bank*, (1989) 213 Cal.App.3d 465 and *Nymark v. Heart Federal Savings & Loan Assn.* (1991) 231 Cal.App.3d

1089, 1093. In the words of the court, "[t]here is no actionable duty between a lender and borrower in that loan transactions are arms-length. A lender owes no duty of care to borrowers in approving their loan . . . Public policy does not impose upon the Bank absolute liability for the hardships which may befall the borrower it finances. <u>No facts</u> are alleged which establish that WMC acted outside the role of a mere lender of money which is not surprising given that Plaintiff's loan was sold to HSBC Bank in 2010 and SPS, not WMC, negotiated Plaintiff's loan modification. Complaint, ¶39 and Exhibit "B". For all of the foregoing reasons, WMC's motion to dismiss the second count should be granted.

C. *WMC did not Engage in Unfair Competition.*

The eighth count asserts a claim for unfair competition in violation of Business and Professions Code §17200. This claim is based upon the allegations that Defendants: (1) misled Plaintiff and engaged in fraud in violation of Civil Code §1709; and (2) violated Civil Code ¶¶2923.5 and 2923.6. Complaint, ¶¶83-89. By reason of these allegations, Plaintiff seeks punitive damages and an injunction pursuant to Business and Professions Code §17203 enjoining Defendants from committing any acts of unfair competition. Complaint, ¶89 and p.21:3-7.

These allegations cannot form the basis for a §17200 claim as against WMC for several reasons. Procedurally, in order to state a §17200 claim, a plaintiff must plead that a defendant's conduct violated some independent substantive statute, regulation or case law. *Gregory v. Albertson's Inc.* (2002) 104 Cal.App.4th 845, 854. *See, also, Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.App.4th 163, 187 and *Farmers Ins. Exch v. Superior Court* (1992) 2 Cal. 4th 377, 383. In doing so, a plaintiff must plead the unfair competition law claim with particularity. *People v. McKale* (1979) 25 Cal. 3d 626, 635. *See, also, Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612.

1  Plaintiff has not met this burden and the eighth count should be dismissed as
2  against WMC for several reasons.

     *i.     The Allegations Supporting the Eighth Count are Insufficient.*

As discussed at length above, the allegations that Defendants misled Plaintiff and engaged in fraud in violation of Business and Professions Code §17200 are unavailing and inadequately pled. *See, Supra*, Section II(A). Similarly, the alleged violations of Civil Code §§2923.5 and 2923.6 do not support the eighth count for the same reasons they did not support the wrongful foreclosure count. *See, Supra*, Section III(A) and Complaint, ¶¶22, 39, 45 and Exhibits "B" and "E". Additionally, Plaintiff sets forth <u>no facts</u> as to how WMC as the original lender is alleged to have violated statutes regulating the foreclosure process and encouraging mortgage services to provide loan modifications. Inasmuch as a statutory violation supporting an unfair competition claim must be pled with particularity, the allegations concerning WMC's purported violation of §§2923.5 and 2923.6 must meet this threshold and fail to do so. Since a §17200 claim borrows violations of other laws and treats them as unlawful business practices, the §17200 claim is only as good as Plaintiff's other claims, none of which can be sustained as a matter of law.

     *ii.     Plaintiff is not Entitled to Damages.*

The remedies available for a Section 17200 claim are limited. The California Supreme Court has ruled that damages are not available. *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266. Accordingly, even accepting the allegations proffered in support of the eighth count as true for purposes of this application, Plaintiff is not entitled to recover damages by reason of the §17200 claim.

///

### D. *A More Definite Statement Must be Provided.*

The pleading before the bench is impermissibly vague and ambiguous and does not adequately place WMC on notice as to the actionable conduct in which it is alleged to have engaged. Indeed, the causes of action asserted against WMC do not mention WMC or specify the actionable conduct for which WMC is held to account. Further, the majority of the actionable conduct asserted in said causes of action relates to purported defects in the foreclosure and loan modification processes, processes to which WMC as the original lender was <u>not a party</u>. Accordingly, in the event the Court is not inclined to grant the instant motion to dismiss in its entirely, WMC respectfully requests that Plaintiff be required to provide a more definitive statement in accordance with F.R.C.P. 12(e), which provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response".

### IV. **CONCLUSION.**

**WHEREFORE,** for all of the foregoing reasons, WMC respectfully submits that its motion to dismiss the first, second, and eighth causes of action of Plaintiff's complaint should be granted.

DATED: February 10, 2014          MARK V. ASDOURIAN, PLC

By: /s/ Jamie L. Ackerman
Jamie L. Ackerman, Esq.
Attorneys for Defendant,
WMC Mortgage, LLC

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is: Mark V. Asdourian, Attorney & Counselor At Law, A Professional Corporation, 4675 MacArthur Court, Suite 490, Newport Beach, California, 92660.

    On February 10, 2014, I served a copy of the document(s) named below on the parties interested in this action.

DOCUMENT(S) SERVED:   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WMC MORTGAGE, LLC'S MOTION TO DISMISS COMPLAINT**

[ ]   By placing [ ] the original [X] a true and correct copy thereof in a sealed envelope addressed as follows:

PLEASE SEE ATTACHED SERVICE LIST

[ ]   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with First Class postage, thereon fully prepaid at **Newport Beach, California** in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s), the foregoing document(s) will be served by the court via NEF and hyperlink to the document.

[X]   **FEDERAL:** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **February 10, 2014,** at Newport Beach, California.

/s/Jamie L. Ackerman

Jamie L. Ackerman

# **SERVICE LIST**

Joseph L. De Clue, Esq.
Millenia Law Offices
2280 Wardlow Circle, Ste 225
Corona, CA 92880
Telephone: 951.280.1313
Facsimile: 951.403.6302
Email: jldecluejr@gmail.com

*Attorneys for Plaintiff, Emma Feldman*

Sanford P. Shatz, Esq.
John Calvagna, Esq.
Hassan Elrakabawy, Esq.
McGLINCHEY STAFFORD
8001 Irvine Center Drive, Suite 400
Irvine, CA 92618
Telephone: 949.381.5900
Facsimile: 949.271.4040
Email: sshatz@mcglinchey.com
          jcalvagna@mcglinchey.com
          helrakabawy@mcglinchey.com

*Attorneys for Defendants Select Portfolio Servicing, Inc., Mortgage Electronic Registration Systems, Inc., and National Default Servicing Corporation*

Mark V. Asdourian, Esq.
Attorney & Counsellor At Law
A Professional Corporation
450 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: 949.644.5300
Facsimile: 949.644.5301