1    **McGLINCHEY STAFFORD**
     Sanford P. Shatz (SBN 127229)
2    John Calvagna (SBN 182609)
     Hassan Elrakabawy (SBN 248146)
3    8001 Irvine Center Drive, Suite 400
     Irvine, California 92618
4    Telephone:   (949) 381-5900
     Facsimile:   (949) 271-4040
5    Email:       sshatz@mcglinchey.com
                  jcalvagna@mcglinchey.com
6                 helrakabawy@mcglinchey.com

7    Attorneys for Defendants **SELECT PORTFOLIO SERVICING, INC.;**
     **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and**
8    **NATIONAL DEFAULT SERVICING CORPORATION**

9                        **UNITED STATES DISTRICT COURT**

10                      **CENTRAL DISTRICT OF CALIFORNIA**

11   EMMA FELDMAN,                          Case No.:  CV14-0840-MMM (SSx)

12               Plaintiff,                 Hon. Margaret M. Morrow

13        v.

14   SELECT PORTFOLIO SERVICING, INC.;      **NOTICE OF MOTION AND**
     WMC MORTGAGE, LLC; MORTGAGE           **MOTION TO DISMISS PLAINTIFF**
15   ELECTRONIC REGISTRATION               **EMMA FELDMAN'S COMPLAINT**
     SYSTEMS, INC.; NATIONAL DEFAULT       **PURSUANT TO FEDERAL RULE**
16   SERVICING CORPORATION; and DOES       **OF CIVIL PROCEDURE RULE**
     1 through 50, inclusive,              **12(b)(6) BY DEFENDANTS SELECT**
17                                          **PORTFOLIO SERVICING, INC.,**
                Defendants.                 **MORTGAGE ELECTRONIC**
18                                          **REGISTRATION SYSTEMS, INC.**
                                            **AND NATIONAL DEFAULT**
19                                          **SERVICING CORPORATION;**
                                            **MEMORANDUM OF POINTS AND**
20                                          **AUTHORITIES**

21                                          *[Filed concurrently with [Proposed]*
                                            *Order]*
22
                                            **DATE:**      **May 12, 2014**
23                                          **TIME:**      **10:00 a.m.**
                                            **CTRM:**      **780**
24
                                            State Court Action: BC531955
25                                          Action Filed:  December 31, 2013
                                            Trial Date:    NA
26

27

28
                                        1

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 12, 2014, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Margaret M. Morrow in Courtroom 780 of the United States District Court for the Central District of California located at 255 E. Temple St., Los Angeles, CA, 90012, Defendants SELECT PORTFOLIO SERVICING, INC. ("SPS"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and NATIONAL DEFAULT SERVICING CORPORATION ("NDSC") (collectively "Defendants") will move to dismiss Plaintiff EMMA FELDMAN'S ("FELDMAN") Complaint ("Complaint" or "Com.") and the first cause of action for wrongful foreclosure, second cause of action for negligence, third cause of action for breach of written contract, fourth cause of action for breach of the implied covenant of good faith and fair dealing, fifth cause of action for promissory estoppel, sixth cause of action for negligent misrepresentation, seventh cause of action for fraud, and eighth cause of action for violation of Business and Professions Code section 17200 et seq. on the grounds that Feldman's Complaint fails to state any legally cognizable claim upon which relief may be granted against Defendants pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), and for such other and further relief as the Court deems just and proper.

This Motion to Dismiss is based on the following grounds:

The Complaint and each of its purported causes of action are barred on the grounds that Feldman lacks standing to pursue this action because she has not tendered, or even offered to tender, the undisputed amount owing on the loan and is therefore not able to challenge the foreclosure sale or quiet title to the property.

The Complaint and each purported cause of action fails to state a claim upon which relief can be granted against MERS and should be dismissed because Feldman does not allege any facts against MERS, except that MERS was the original beneficiary under the deed of trust securing the loan, MERS assigned its interest to

2

1   others in 2010, no other facts are alleged about MERS, and no facts are alleged to

2   show that Feldman was damaged by any act or omission of MERS.

3           The Complaint and each purported cause of action fails to state a claim upon

4   which relief can be granted against NDSC and should be dismissed because Feldman

5   does not allege any facts against NDSC, and it is not named anywhere in the

6   complaint except to be identified as a defendant, and to be named as a defendant in

7   four purported causes of action without any facts being asserted against it.

8           The purported first cause of action for wrongful foreclosure fails to state a claim

9   upon which relief can be granted against Defendants and should be dismissed because

10  Feldman lacks standing to raise this claim, or challenge Defendants' activities,

11  Feldman does not allege any facts to show that Defendants acted wrongfully,

12  Defendants have the authority and standing to hold title to the loan and prosecute a

13  foreclosure sale, MERS has standing to assign its interest to others, SPS assessed

14  Feldman's financial condition and evaluated alternatives to foreclosure, Feldman is

15  not entitled to a loan modification, and the facts alleged by Feldman establish that

16  Defendants did not violate the Civil Code.

17          The purported second cause of action for negligence fails to state a claim upon

18  which relief can be granted against Defendants and should be dismissed because

19  Feldman lacks standing to raise this claim, Feldman fails to allege the existence of any

20  duties owed by Defendants to Feldman that Defendants breached, Feldman fails to

21  allege any facts to show that Defendants breached any duties they owed to Feldman,

22  SPS assessed Feldman's financial condition and evaluated alternatives to foreclosure,

23  Feldman is not entitled to a loan modification, and Feldman fails to allege that

24  Defendants caused her damage based on any act or omission of Defendants towards

25  Feldman.

26          The purported third cause of action for breach of written contract fails to state a

27  claim upon which relief can be granted against SPS and should be dismissed because

28  Feldman lacks standing to raise this claim, Feldman does not allege the existence of a

1  contract between herself and SPS, any contract to modify a deed of trust or

2  performance under a deed of trust must be in writing and no written contract is

3  alleged, Feldman does not have standing to pursue a claim under HAMP and is not a

4  third-party beneficiary of any HAMP agreements, Feldman fails to allege that she

5  entered into a permanent loan modification, SPS assessed Feldman's financial

6  condition and evaluated alternatives to foreclosure, Feldman is not entitled to a loan

7  modification, and Feldman does not allege that he has been damaged by any act or

8  omission of SPS.

9       The purported fourth cause of action for breach of the implied covenant of good

10  faith and fair dealing fails to state a claim upon which relief can be granted against

11  SPS and should be dismissed because Feldman lacks standing to raise this claim,

12  Feldman does not allege the existence of any contract between Feldman and SPS from

13  which terms can be implied, Feldman does not allege the existence of any implied

14  terms giving rise to any duties owed by SPS to Feldman, Feldman does not have

15  standing to pursue a claim under HAMP and is not a third-party beneficiary of any

16  HAMP agreements, Feldman fails to allege that she entered into a permanent loan

17  modification, SPS assessed Feldman's financial condition and evaluated alternatives

18  to foreclosure, Feldman is not entitled to a loan modification, and Feldman has not

19  been damaged by any act or omission of SPS.

20       The purported fifth cause of action for promissory estoppel fails to state a claim

21  upon which relief can be granted against SPS and should be dismissed because

22  Feldman lacks standing to raise this claim, Feldman fails to allege any facts to show

23  that SPS owed any duties to Feldman that they breached, Feldman does not have

24  standing to pursue a claim under HAMP and is not a third-party beneficiary of any

25  HAMP agreements, Feldman fails to allege that she entered into a permanent loan

26  modification, SPS assessed Feldman's financial condition and evaluated alternatives

27  to foreclosure, Feldman is not entitled to a loan modification, no facts are alleged

28

4

455506.1

1  against SPS in this cause of action, and Feldman has not been damaged by any act or

2  omission of SPS.

3        The purported sixth cause of action for negligent misrepresentation fails to state

4  a claim upon which relief can be granted against SPS and should be dismissed because

5  Feldman lacks standing to raise this claim, Feldman does not allege any facts to show

6  that SPS made any representations to Feldman, Feldman does not allege any facts to

7  show that SPS concealed any material facts from Feldman, Feldman does not allege

8  any facts to show that SPS knew that its representations were false, Feldman does not

9  allege any facts to show that she relied on any representations made by Defendants,

10  Feldman does not allege any facts to show that her reliance was reasonable, Feldman

11  does not allege the identities of any employees or agents of Defendants who took any

12  actions to make representations or conceal any material facts, Feldman does not have

13  standing to pursue a claim under HAMP and is not a third-party beneficiary of any

14  HAMP agreements, Feldman fails to allege that she entered into a permanent loan

15  modification, SPS assessed Feldman's financial condition and evaluated alternatives

16  to foreclosure, Feldman is not entitled to a loan modification, and Feldman does not

17  allege that he was damaged by any act or omission of SPS.

18        The purported seventh cause of action for fraud fails to state a claim upon

19  which relief can be granted against Defendants and should be dismissed because

20  Feldman lacks standing to raise this claim, Feldman does not allege any facts to show

21  that Defendants made any representations to Feldman, Feldman does not allege any

22  facts to show that Defendants concealed any material facts from Feldman, Feldman

23  does not allege any facts to show that Defendants knew that its representations were

24  false, Feldman does not allege any facts to show that she relied on any representations

25  made by Defendants, Feldman does not allege any facts to show that her reliance was

26  reasonable, Feldman does not allege the identities of any employees or agents of

27  Defendants who took any actions to make representations or conceal any material

28  facts, Feldman does not have standing to pursue a claim under HAMP and is not a

455506.1

1  third-party beneficiary of any HAMP agreements, Feldman fails to allege that she

2  entered into a permanent loan modification, SPS assessed Feldman's financial

3  condition and evaluated alternatives to foreclosure, Feldman is not entitled to a loan

4  modification, and Feldman does not allege that he was damaged by any act or

5  omission of Defendants.

6       The purported eighth cause of action for violation of Business and Professions

7  Code section 17200, et seq. fails to state a claim upon which relief can be granted

8  against Defendants and should be dismissed because Feldman lacks standing to raise

9  this claim, Feldman does not allege any facts to show that Defendants acted

10  unlawfully, unfairly, or fraudulently, Defendants is not under a duty to offer or grant

11  Feldman a loan modification, Feldman does not have standing to pursue a claim under

12  HAMP and is not a third-party beneficiary of any HAMP agreements, Feldman fails

13  to allege that she entered into a permanent loan modification, SPS assessed Feldman's

14  financial condition and evaluated alternatives to foreclosure, and Feldman lacks

15  standing to pursue this claim because she has not been harmed by any act or omission

16  of Defendants.

17       This Motion is based upon this Notice of Motion and Motion, the Memorandum

18  of Points and Authorities, the [Proposed] Order, and such other and further oral and

19  documentary evidence as may be presented at the hearing of the Motion.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. CV14-0840-MMM (SSx)**

455506.1

1        This Motion is made following a conference pursuant to local Rule 7-3 that

2   occurred between counsel on February 12 and 26, 2014.

3

4   DATED:  February 27, 2014       **McGLINCHEY STAFFORD**

5

6             By:  /s/  Sanford S. Shatz

7                SANFORD P. SHATZ
             JOHN CALVAGNA

8                HASSAN ELRAKABAWY
          Attorneys for Defendants **SELECT**

9   **PORTFOLIO SERVICING, INC.;
MORTGAGE ELECTRONIC**

10  **REGISTRATION SYSTEMS, INC. and
NATIONAL DEFAULT SERVICING
CORPORATION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. CV14-0840-MMM (SSx)**

455506.1

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     SUMMARY OF FACTS ....................................................................... 2
        A.    Loan Origination........................................................................ 2
        B.    MERS and NDSC's Involvement................................................ 2
        C.    Default, Modification Efforts, and Foreclosure ........................ 2

III.    FELDMAN CANNOT CHALLENGE THE FORECLOSURE
        PROCEEDINGS OR QUIET TITLE BECAUSE SHE HAS NOT
        TENDERED THE UNDISPUTED AMOUNT OWING ON THE NOTE.......... 3

IV.     MERS SHOULD BE DISMISSED BECAUSE FELDMAN AGREED
        THAT MERS IS THE BENEFICIARY UNDER THE DEED OF
        TRUST AND COULD ASSIGN ITS INTEREST TO OTHERS, AND
        FELDMAN DOES NOT ALLEGE THAT MERS ACTED
        WRONGFULLY.................................................................................... 5

V.      NDSC SHOULD BE DISMISSED - NO FACTS ARE ALLEGED
        ABOUT IT AND NO CLAIMS ARE ASSERTED AGAINST IT. ................... 8

VI.     THE COURT SHOULD DISMISS THE FIRST CAUSE OF ACTION
        FOR WRONGFUL FORECLOSURE BECAUSE FELDMAN DOES
        NOT SHOW THAT DEFENDANTS ACTED WRONGFULLY, MERS
        MAY ASSIGN ITS INTEREST, FELDMAN IS NOT ENTITLED TO A
        MODIFICATION, AND FELDMAN DOES NOT ALLEGE ANY
        FACTS TO ESTABLISH THAT SHE WAS DAMAGED BY
        DEFENDANTS .................................................................................... 8

VII.    THE COURT SHOULD DISMISS THE SECOND CAUSE OF
        ACTION FOR NEGLIGENCE BECAUSE FELDMAN DOES NOT
        ALLEGE THAT SPS OWED HER ANY DUTIES, THAT WERE
        BREACHED, AND WHICH CAUSED HER DAMAGE ................................ 10

VIII.   THE COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION
        FOR BREACH OF WRITTEN CONTRACT BECAUSE FELDMAN
        DOES NOT ALLEGE ANY FACTS TO SHOW THAT SHE IS A
        THIRD-PARTY OR BENEFICIARY OF THE HAMP AGREEMENT,
        FELDMAN IS NOT ENTITLED TO A HAMP MODIFICATION, AND
        FELDMAN DOES NOT ALLEGE THAT SHE SUFFERED ANY

i

455506.1

DAMAGES AS A RESULT OF DEFENDANTS' ACTS OR
OMISSIONS .................................................................................11

IX. THE COURT SHOULD DISMISS THE FOURTH CAUSE OF
ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD
FAITH AND FAIR DEALING BECAUSE THE RIGHTS OF THE
PARTIES ARE CIRCUMSCRIBED BY THE EXISTING CONTRACT,
FELDMAN IS NOT ENTITLED TO A LOAN MODIFICATION, SHE
IS NOT A BENEFICIARY OF THE HAMP AGREEMENT, AND NO
FACTS ARE ALLEGED TO SHOW THAT FELDMAN WAS
HARMED BY SPS ............................................................................12

X. THE COURT SHOULD DISMISS THE FIFTH CAUSE OF ACTION
FOR PROMISSORY ESTOPPEL BECAUSE FELDMAN DOES NOT
ALLEGE ANY FACTS TO SHOW THAT SPS MADE ANY
PROMISES, THAT FELDMAN REASONABLY RELIED ON, AND
SPS DID NOT VIOLATE HAMP GIVING RISE TO A CAUSE OF
ACTION............................................................................................14

XI. THE COURT SHOULD DISMISS THE SIXTH CAUSE OF ACTION
FOR NEGLIGENT MISREPRESENTATION AND SEVENTH CAUSE
OF ACTION FOR FRAUD BECAUSE FELDMAN DOES NOT
ALLEGE ANY FACTS TO SHOW THAT SPS CONCEALED ANY
FACTS OR MADE ANY MATERIAL MISREPRESENTATIONS, OR
THAT FELDMAN WAS DAMAGED BY ANY ACT OR OMISSION
OF SPS ............................................................................................15

XII. FELDMAN LACKS STANDING TO ASSERT THE EIGHTH CAUSE
OF ACTION FOR VIOLATION OF BUSINESS & PROFESSIONS
CODE SECTION 17200, AND SHE DOES NOT ALLEGE ANY
FACTS TO SHOW THAT DEFENDANTS ACTED UNLAWFULLY,
UNFAIRLY OR FRAUDULENTLY .................................................17

XIII. CONCLUSION................................................................................19

455506.1

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
**CASES**

4
*Abdallah v. United Savings Bank,*
43 Cal.App.4th 1101 (1996) ...................................................................... 3

5
6
*Agosta v. Astor,*
120 Cal.App.4th 596 (2004) ................................................................... 13

7
*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.,*
116 Cal.App.4th 1375 (2004) ................................................................. 11

8
9
*Arnolds Management Corp. v. Eischen,*
158 Cal.App.3d 575 (1984) ................................................................. 3, 4

10
*Berryman v. Merit Prop. Mgmt., Inc.,*
152 Cal.App.4th 1544 (2007) ................................................................. 18

11
12
*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.,*
2 Cal.4th 342 (1992) .............................................................................. 13

13
*Chabner v. United of Omaha Life Ins. Co.,*
225 F.3d 1042 (9th Cir. 2000) ............................................................... 19

14
15
*Downey v. Humphreys,*
102 Cal.App.2d 323 (1951) ................................................................... 13

16
*Escobedo v. Countrywide Home Loans, Inc.,*
2009 WL 4981618 **2-3 (S.D. Cal. 2009) .............................................. 11

17
18
*Fontenot v. Wells Fargo Bank, N.A.,*
198 Cal.App.4th 256 (2011) .................................................................... 6

19
*FPCI RE-HAB 01 v. E & G Investments, Ltd.,*
207 Cal.App.3d 1018 (1989) ................................................................... 3

20
21
*Gaitan v. Mortgage Electronic Registration Systems,*
2009 WL 3244729 (C.D. Cal. 2009) ...................................................... 11

22
*Gomes v. Countrywide Home Loans, Inc.,*
192 Cal.App.4th 1149 (2011) .................................................................. 6

23
24
*Guerrero v. Wells Fargo Bank, N.A.,*
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ...................... 13

25
*Guz v. Bechtel Nat'l, Inc.,*
24 Cal.4th 317 (2000) ............................................................................ 13

26
27
*Hall v. Time, Inc.,*
158 Cal.App.4th 847 (2008) ................................................................... 17

28
*Herrera v. Federal National Mortgage Assn.,*
205 Cal.App.4th 1495 (2012) .................................................................. 5

iii

455506.1

*Jackson v. Ocwen Loan Serv., LLC,*
   2010 U.S. Dist. LEXIS 93524 (E.D. Cal. Aug. 20, 2010) .................................. 14

*Karlsen v. American Sav. & Loan Ass'n,*
   15 Cal.App.3d 112 (1971) ................................................................................ 4

*Khoury v. Maly's of California, Inc.,*
   14 Cal.App.4th 612 (1993) .............................................................................. 19

*Kim v. Sumitomo Bank,*
   17 Cal.App.4th 974 (1993) .............................................................................. 13

*Krantz v. BT Visual Images,*
   89 Cal.App.4th 164 (2001) .............................................................................. 18

*Ladd v. County of San Mateo,*
   12 Cal.4th 913 (1996) ...................................................................................... 10

*Laks v. Coast Federal Sav. & Loan Ass'n,*
   30 Cal.App.3d 885 (1976) ............................................................................... 14

*Laster v. T-Mobile United States, Inc.,*
   407 F.Supp.2d 1181 (S.D. Cal. 2005) ............................................................. 17

*Lazar v. Hertz Corp.,*
   69 Cal.App.4th 1494 (1999) ............................................................................ 18

*Lo v. Jensen,*
   88 Cal.App.4th 1093 (2001) .............................................................................. 3

*Mabry v. Superior Court,*
   185 Cal.App.4th 208 (2010) ................................................................. 10, 15, 19

*Marks v. Bank of America,*
   2010 WL 2572988 (D. Ariz. 2010) .................................................................. 11

*Mortgage Electronic Registration Systems v. Nebraska Dept. of Banking &*
   *Finance* (2005) .................................................................................................. 6

*Newman v. Bank of New York Mellon,*
   2013 WL 5603316 (E.D.Cal. 2013) ................................................................... 9

*Nymark v. Heart Federal Sav. & Loan Ass'n.,*
   231 Cal.App.3d 1089 (1991) ...................................................................... 13, 10

*People v. McKale,*
   25 Cal.3d 626 (1979) ....................................................................................... 19

*Peterson v. Cellco Partnership,*
   164 Cal.App.4th 1583 (2008) .......................................................................... 17

*Prasad v. BAC Home Loans Servicing LP,*
   2010 U.S. Dist. LEXIS 133938 (E.D. Cal. Dec. 7, 2010) ................................ 14

iv

*Price v. Wells Fargo Bank,*
    213 Cal.App.3d 465 (1989) ........................................................... 13

*Reyes-Gaona v. N.C. Growers Ass'n.,*
    250 F.3d 861 (4th Cir. 2001).......................................................... 12

*Robinson v. Countrywide Home Loans, Inc.,*
    199 Cal.App.4th 42 (2011) ............................................................. 7

*Scripps Clinic v. Superior Court,*
    108 Cal.App.4th 917 (2003) .......................................................... 18

*Sebastian Int'l, Inc. v. Russolillo,*
    128 F.Supp.2d 630 (C.D. Cal. 2001) ............................................ 16

*Shimpones v. Stickney,*
    219 Cal. 637 (1934).......................................................................... 4

*Stansfield v. Starkey,*
    220 Cal.App.3d 59 (1990).......................................................... 15, 16

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007).......................................................... 16

*Tarmann v. State Farm Mut. Auto Ins. Co.,*
    2 Cal.App.4th 153 (1991) .............................................................. 18

*United States Cold Storage v. Great W. Sav. & Loan Ass'n.,*
    165 Cal.App.3d 1214 (1985).......................................................... 3

*US Ecology, Inc. v. California,*
    129 Cal.App.4th 887 (1976) .......................................................... 15

*Wagner v. Benson,*
    101 Cal.App.3d 27 (1980).............................................................. 10

*Wall St. Network, Ltd. v. New York Times Co.,*
    164 Cal.App.4th 1171 (2008) ........................................................ 11

**STATUTES**

Business & Professions Code § 17204............................................... 17

Business and Professions Code ¶ 17200 .................................... 7, 17, 18

**OTHER AUTHORITIES**

13 Witkin, Summary of Cal. Law, "Equity" (10th ed. 2005) § 6, pp. 286-287........ 3

Federal Rules of Civil Procedure, Rule 8(a)(2) ...................................... 8

Federal Rules of Civil Procedure, Rule 9(b)......................................... 16

Federal Rules of Civil Procedure, Rule 12(b)(6) .................................... 8

v

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. CV14-0840-MMM (SSx)**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Emma Feldman ("Feldman") obtained a $285,000 loan in 2006.  In 2010, the beneficiary, Defendant MERS, assigned its interest in the deed of trust, ending its relationship to Feldman, the property or the debt.  Feldman fell behind on the loan and applied for a loan modification in 2012 from the mortgage servicer, Defendant Select Portfolio Servicing, Inc. ("SPS").  After negotiating and offering Feldman a trial payment plan, SPS denied Feldman a permanent HAMP loan modification in May 2013.  Six months later, SPS began the foreclosure process and the foreclosure sale is set for March 2014, ten months after the modification denial.  Rather than seek to refinance her debt, or sell the property, or obtain a short sale, Feldman filed this action claiming that any foreclosure efforts are improper because MERS lacks the authority to assign its interest to foreclosing parties, Defendants did not meet with Feldman to assess her financial situation or consider alternatives to foreclosure, and Defendants did not conduct a meaningful HAMP review or offer a reasonable loan modification.  Feldman does not allege any facts to support these legal theories, and the Complaint should be dismissed.

Feldman asserts eight causes of action based on these claims.  Each claim is meritless.  Under California law, MERS can be the beneficiary under a Deed of Trust, and can assign its interest to others, who may foreclose.  Because Feldman alleges she negotiated a trial plan, Defendants complied with their obligations to assess Feldman's financial condition and explore alternatives to foreclosure.  Finally, Feldman is not a party or third-party beneficiary to any HAMP agreement.  SPS properly evaluated Feldman's application and informed her, in writing, of its denial.  Feldman is not entitled to any loan modification.  She does not allege that she appealed from the denial or considered other alternatives other than HAMP.  Because there is no factual support to the Complaint, and it is without legal basis, Defendants respectfully request that the Court dismiss the entire action.

1

## II.   SUMMARY OF FACTS

### A.   Loan Origination

Feldman alleges that this lawsuit is based on breaches by Defendants SPS and original lender WMC Mortgage, LLC ("WMC").  Com. ¶ 14.  Feldman alleges that she purchased her property, and obtained a WMC loan on August 8, 2006.  Com. ¶ 31.  Feldman alleges that the original beneficiary under the Deed of Trust was MERS.  Com.  ¶ 31, Ex. "A."

### B.   MERS and NDSC's Involvement

Feldman alleges that MERS assigned its interest to others by Assignment recorded on June 10, 2010.  Com. ¶ 33, Ex. "B."  By the Assignment, MERS had no further interest in the loan, the property, or Feldman.  Feldman does not allege any other facts about MERS or that MERS took any other action after 2010.  Feldman's review of the MERS database shows that the loan was "inactive."  Com. ¶ 34.

Feldman alleges no facts about NDSC.

### C.   Default, Modification Efforts, and Foreclosure

Feldman fell behind on her mortgage.  She alleges that she requested a loan modification from SPS and was in modification negotiations in 2012 and 2013.  Com. ¶ 39.  Feldman alleges that she submitted documents to SPS and was approved for a trial modification.  Com. ¶¶ 39-40.  In short, SPS assessed Feldman's financial condition and considered alternatives to foreclosure.

Feldman alleges that a May 20, 2013 letter from SPS stated that she did not qualify for a HAMP loan modification because the lender was not willing to reduce the loan balance and payment by 10%.  Com. ¶ 41, and letter, Com., Ex. "D."

Feldman does not allege that she sought to refinance the loan, or obtain a short sale, or sell the property.

Six months after denying her HAMP modification application, Defendants began the foreclosure process and a Notice of Default was recorded on November 21, 2013.  Com. Ex. "E."

2

III. **FELDMAN CANNOT CHALLENGE THE FORECLOSURE PROCEEDINGS OR QUIET TITLE BECAUSE SHE HAS NOT TENDERED THE UNDISPUTED AMOUNT OWING ON THE NOTE**

Feldman is not entitled to challenge the foreclosure process or sale of the Property, or quiet title, unless she first validly tenders the undisputed obligation owing on the Note in full. The tender requirement applies to "any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996) (affirming sustaining of Demurrer without leave to amend).

> "It would be futile to set aside a foreclosure sale on the technical grounds that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property."

*United States Cold Storage v. Great W. Sav. & Loan Ass'n.*, 165 Cal.App.3d 1214, 1225 (1985) (affirming judgment of nonsuit).

Setting aside a nonjudicial foreclosure sale is an equitable remedy. *Lo v. Jensen*, 88 Cal.App.4th 1093, 1098 (2001) ("A debtor may apply to a court of equity to set aside a trust deed foreclosure on allegations of unfairness or irregularity that, coupled with the inadequacy of price obtained at the sale, mean that it is appropriate to invalidate the sale."). A court will not grant equitable relief to a Plaintiff unless the Plaintiff does equity. *See Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578-579 (1984); *see also* 13 Witkin, Summary of Cal. Law, "Equity" (10th ed. 2005) § 6, pp. 286-287. Thus, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management*, supra, 158 Cal.App.3d at 578; *see also FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1022 (1989) (rationale behind tender rule is that irregularities in foreclosure sale do not damage Plaintiff where Plaintiff could not redeem property had sale procedures been proper). "To hold otherwise would permit

3

1    Plaintiff to state a cause of action without the necessary element of damage." *Arnolds*

2    *Management*, 158 Cal.App.3d at 580.

3    　　　The requirement that a tender of the amount owing is necessary before a

4    foreclosure process can be challenged applies to any claim implicitly integrated with

5    the foreclosure sale. *Id.* at 579 ("A cause of action 'implicitly integrated' with the

6    irregular sale fails unless the trustor can allege and establish a valid tender")

7    (affirming sustaining of Demurrer without leave to amend on claims of wrongful

8    foreclosure, fraud, and negligence relating to defective notice of foreclosure sale); *see*

9    *also Karlsen v. American Sav. & Loan Ass'n.,* 15 Cal.App.3d 112, 121 (1971)

10   (holding Plaintiff's claims for breach of oral agreement, accounting, and constructive

11   trust fail because Plaintiff never made a valid tender).  The tender rule also applies to

12   causes of action for quiet title.  *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("[A]

13   mortgagor cannot quiet his title against the mortgagee without paying the debt

14   secured.").

15   　　　In this case, Feldman pledged her property as security for the debt.  If she wants

16   to challenge the foreclosure and keep her property, she must tender the undisputed

17   amount owing.  She must tender the undisputed amount owing.  The first cause of

18   action is for wrongful foreclosure and directly seeks to challenge the foreclosure sale.

19   Each of the remaining causes of action challenge the foreclosure sale by claiming that

20   Feldman was not properly evaluated for a modification, or was not offered a loan

21   modification, which is a prerequisite to conducting the foreclosure sale.  Each claim

22   challenges the foreclosure sale or is implicitly integrated with it.  To bring each of

23   these claims, Feldman must tender the undisputed amount owing.  Unless she arrives

24   at the hearing with a certified check for the amount of the debt, she has no standing to

25   challenge the foreclosure sale or any causes of action related to it.  Her claims must be

26   dismissed.

27   ///

28   ///

IV. **MERS SHOULD BE DISMISSED BECAUSE FELDMAN AGREED THAT MERS IS THE BENEFICIARY UNDER THE DEED OF TRUST AND COULD ASSIGN ITS INTEREST TO OTHERS, AND FELDMAN DOES NOT ALLEGE THAT MERS ACTED WRONGFULLY**

Feldman challenges the foreclosure sale, and the parties' ability to enforce the terms of the Deed of Trust, based on the existence of MERS and its assignment of its interest in the Deed of Trust to others. Furthermore, Feldman asserts no facts against MERS other than it is named as the beneficiary in the Deed of Trust and assigned its interest more than three years prior to the initiation of foreclosure proceedings. There is no basis to any claim against MERS, and it should be dismissed.

In August 2006, Feldman obtained a $285,000 mortgage loan ("the Loan") from WMC secured by a deed of trust. Com., Ex. "A." The deed of trust identifies WMC as the lender, Westwood Associates, as trustee and MERS as nominee for the lender and beneficiary under the deed of trust. Com., Ex. "A," pp. 1-2. It provides that:

> "Borrower understands and agrees that MERS holds only
> legal title to the interests granted by Borrower in this
> Security Instrument, but if necessary to comply with law or
> custom, MERS (as nominee for Lender and Lender's
> successors and assigns) has the right: to exercise any or all
> of those interests, including but not limited to, the right to
> foreclose and sell the Property: and to take any action
> required of Lender including, but not limited to, releasing
> and canceling this Security Instrument."

Com., Ex. "A," p. 3.

This is not an uncommon arrangement. California appellate courts have examined and clarified the role of MERS in deed of trust transactions. The court in *Herrera v. Federal National Mortgage Assn.*, 205 Cal.App.4th 1495, 1508–1511 (2012) held that "[t]he courts in California have universally held that MERS, as

5

1   nominee beneficiary, has the power to assign its interest under a DOT.  Plaintiffs

2   granted MERS such authority by signing the DOT."  (*Id.* at 1498.)

3           Similarly, in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 (2011),

4   the court said, "Plaintiff's claim against MERS challenges an aspect of the 'MERS

5   System,' a method devised by the mortgage banking industry to facilitate the

6   securitization of real property debt instruments.  As described in *Mortgage Electronic*

7   *Registration Systems v. Nebraska Dept. of Banking & Finance* (2005) 270 Neb. 529,

8   MERS is a private corporation that administers a national registry of real estate debt

9   interest transactions.  Members of the MERS System assign limited interests in the

10  real property to MERS, which is listed as a grantee in the official records of local

11  governments, but the members retain the promissory notes and mortgage servicing

12  rights.  The notes may thereafter be transferred among members without requiring

13  recordation in the public records. [Citation.] [¶]  Ordinarily, the owner of a

14  promissory note secured by a deed of trust is designated as the beneficiary of the deed

15  of trust. [Citation.]  Under the MERS System, however, MERS is designated as the

16  beneficiary in deeds of trust, acting as 'nominee' for the lender, and granted the

17  authority to exercise legal rights of the lender.  This aspect of the system has come

18  under attack in a number of state and federal decisions across the country, under a

19  variety of legal theories.  The decisions have generally, although by no means

20  universally, found that the use of MERS does not invalidate a foreclosure sale that is

21  otherwise substantively and procedurally proper."  *Id.* at 267.

22          And again, in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149

23  (2011), the trial court sustained a demurrer without leave to amend.  It stated: "The

24  role of MERS is central to the issues in this appeal.  As case law explains, 'MERS is a

25  private corporation that administers the MERS System, a national electronic registry

26  that tracks the transfer of ownership interests and servicing rights in mortgage loans.

27  Through the MERS System, MERS becomes the mortgagee of record for participating

28  members through assignment of the members' interests to MERS.  MERS is listed as

the grantee in the official records maintained at county register of deeds offices.  The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.' [Citation.]  'A side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system.' [Citation.]  [¶] The deed of trust that Gomes signed states that 'Borrower [(i.e., Gomes)] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property....' " (*Id.* at 1151.)

Subsequently, the court in *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal.App.4th 42 (2011) quoted *Gomes* and held that "[In *Gomes*], the court concluded that the plaintiff failed to identify a legal basis for an action to determine whether MERS had authority to initiate a foreclosure proceeding.  [Citation.]  We agree with the *Gomes* court that the statutory scheme ([Civil Code] §§ 2924–2924k) does not provide for a preemptive suit challenging standing.  Consequently, plaintiffs' claims for damages for wrongful initiation of foreclosure and for declaratory relief based on plaintiffs' interpretation of section 2924, subdivision (a), do not state a cause of action as a matter of law.  [Citation.]" *Id.* at 46, fn. omitted.

In this case, MERS acted as beneficiary and solely as nominee as the lender from 2006, when the loan originated, to 2010, when the deed of trust was assigned. There is no legal support in the cases for Feldman's assertion that the MERS system itself constitutes an unlawful business practice under section 17200, or that MERS cannot act as beneficiary and assign its interest.  More importantly, Feldman has not alleged any specific facts that arguably would provide a basis for arguing that a

7

1   specific act of MERS was improper, or that MERS harmed Feldman in any way –
2   having assigned its interest before the modification process began and before the
3   foreclosure process began.  When the transaction closed, plaintiff signed a trust deed
4   acknowledging the role of MERS in the transaction.  She cannot now complain of that
5   role without alleging specific facts sufficient to state a cause of action against MERS.
6   There is no claim against MERS, and it should be dismissed.

7   **V.    NDSC SHOULD BE DISMISSED - NO FACTS ARE ALLEGED ABOUT**
8   **IT AND NO CLAIMS ARE ASSERTED AGAINST IT.**

9        NDSC appears in the caption of the Complaint and Feldman alleges that NDSC
10  is a defendant.  Com. p. 1 ¶ 5.  Feldman asserts three causes of action against all
11  Defendants (first, second, eighth), including NDSC.  Feldman also names NDSC in
12  the seventh cause of action for fraud without asserting any facts against it.  NDSC is
13  not otherwise mentioned in the Complaint.  Com. passim.

14       A complaint must contain "a short and plain statement of the claim showing
15  that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).  Where a complaint
16  fails to state a claim upon which relief can be granted, it may be challenged by Motion
17  to dismiss.  Fed. R. Civ. P. Rule 12(b)(6).

18       In the present case, no facts are alleged about NDSC.  No claim is stated against
19  NDSC.  It should be dismissed.

20  **VI.   THE COURT SHOULD DISMISS THE FIRST CAUSE OF ACTION**
21  **FOR WRONGFUL FORECLOSURE BECAUSE FELDMAN DOES NOT**
22  **SHOW THAT DEFENDANTS ACTED WRONGFULLY, MERS MAY**
23  **ASSIGN ITS INTEREST, FELDMAN IS NOT ENTITLED TO A**
24  **MODIFICATION, AND FELDMAN DOES NOT ALLEGE ANY FACTS**
25  **TO ESTABLISH THAT SHE WAS DAMAGED BY DEFENDANTS**

26       Feldman's first cause of action seeks to obtain an injunction barring any
27  foreclosure sale based on her claims that Defendants lack the ability to foreclose
28  because MERS was the original beneficiary, Defendants did not comply with the

1    California Civil Code because they did not assess her financial condition and explore

2    alternatives to foreclosure, and Defendants did not provide Feldman with a loan

3    modification.  There is no factual or legal basis to these claims.

4         First, MERS was properly named as the beneficiary in the Deed of Trust, and

5    properly assigned its interest in 2010 to others.  As shown above, the parties

6    consented in the Deed of Trust to having MERS act as the nominee for the lender,

7    WMC.  Furthermore, California law permits MERS to act as the beneficiary in the

8    Deed of Trust, and to assign its interest to others.  See § IV, above.

9         Second, Feldman alleges that the parties assessed her financial condition and

10    explored alternatives to foreclosure.  Feldman specifically alleges that she "was in

11    negotiations from around 2012 and submitted documents several times in 2012 and

12    2013 for this purpose."  Com. ¶ 39.  Feldman even alleges that she was "approved for

13    a trial modification."  Com. ¶ 40.  Courts have held that working with the borrower on

14    a loan modification satisfies the requirements of section 2923.5, even if the parties do

15    not agree on a modification.  As stated in *Newman v. Bank of New York Mellon*, 2013

16    WL 5603316 * 12 (E.D.Cal. 2013):

17            "Going through a loan modification application, albeit

18         one that appears to have been dysfunctional, is exploring

19         one option against foreclosure.  As Defendants correctly

20         point out, courts have held that discussions or negotiations

21         about, or considerations of, a loan modification meet the

22         requirements of § 2923.5.  [Multiple citations omitted.]  The

23         Court is aware of no requirement that the negotiations or

24         discussions result in a particular outcome.  Because

25         Newman's declaration demonstrates that he submitted at

26         least three applications for a loan modification and

27         communicated with BOA about these applications, all

28

1            during a time in which he was in default, the FAC

2            demonstrates sufficient compliance with § 2923.5.5.”

3       Feldman argues that she was not offered a loan modification.  Feldman is not

4 entitled to a loan modification.  *Mabry v. Superior Court*, 185 Cal.App.4th 208, 214

5 (2010).  There is no basis to this claim.  It should be dismissed.

6 **VII.**   **THE COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION**

7        **FOR NEGLIGENCE BECAUSE FELDMAN DOES NOT ALLEGE**

8        **THAT SPS OWED HER ANY DUTIES, THAT WERE BREACHED,**

9        **AND WHICH CAUSED HER DAMAGE**

10       Under California law, the elements of a negligence claim are (1) a legal duty to

11 use due care; (2) a breach of such legal duty, and; (3) the breach as the proximate or

12 legal cause of injury.  *Ladd v. County of San Mateo,* 12 Cal.4th 913, 917 (1996).

13       Plaintiff's negligence cause of action asserts that Defendants breached their

14 duty by "plaintiff has not been offered a practical loan modification."  Com. ¶ 55.

15 Plaintiff offers no facts or law to support this contention.

16       As a matter of law, Defendants owe Feldman no common law duty of care

17 because they acted only as a loan servicer, former beneficiary and trustee.  A financial

18 institution owes no duty of care to a borrower when the institution's involvement in

19 the loan transaction does not exceed the scope of its conventional role as a mere

20 lender of money.  *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App.3d 1089,

21 1096 (1991); *see also Wagner v. Benson,* 101 Cal.App.3d 27, 35 (1980) (holding that

22 a lender only owes a duty if the lender actively participates in the financed enterprise

23 beyond the domain of the usual money lender).  Defendants were no more than a mere

24 lender of money to Feldman and a servicer of her loan.  Feldman does not, and cannot,

25 allege otherwise.  Therefore, SPS owed Plaintiff no duty of care.

26       Moreover, as demonstrated above, Defendants owed Plaintiff no duty to modify

27 her loan.  This claim should be dismissed.

28

VIII. **THE COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION FOR BREACH OF WRITTEN CONTRACT BECAUSE FELDMAN DOES NOT ALLEGE ANY FACTS TO SHOW THAT SHE IS A THIRD-PARTY OR BENEFICIARY OF THE HAMP AGREEMENT, FELDMAN IS NOT ENTITLED TO A HAMP MODIFICATION, AND FELDMAN DOES NOT ALLEGE THAT SHE SUFFERED ANY DAMAGES AS A RESULT OF DEFENDANTS' ACTS OR OMISSIONS**

To state a claim for breach of contract, a plaintiff must allege "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178 (2008) (internal quotes omitted). Absent a valid and enforceable contract, a plaintiff's cause of action for breach of contract fails. *See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal.App.4th 1375, 1391, n. 6 (2004) (recognizing that the existence of a valid and enforceable contract is an essential element of a claim for breach of contract). Feldman fails to allege any of the elements of this claim against SPS.

Feldman alleges that she is the third-party beneficiary of the HAMP agreement between SPS and the United States. Com. ¶ 57. Feldman is wrong.

HAMP is a voluntary program. It does not require that loan servicers agree to modify anything, but instead sets forth guidelines that servicers should consider in reviewing a modification request. *Escobedo v. Countrywide Home Loans, Inc.,* 2009 WL 4981618 **2-3 (S.D. Cal. 2009). That [Defendants] may be a party to such an agreement does not confer upon plaintiff, as a third party, any standing to sue for a breach. *Id.*; *Gaitan v. Mortgage Electronic Registration Systems,* 2009 WL 3244729 at *13-14 (C.D. Cal. 2009).

HAMP does not grant any individual the right to enforce its provisions. The Treasury has designated Freddie Mac to serve as compliance officer for HAMP. *Marks v. Bank of America,* 2010 WL 2572988 at *6 (D. Ariz. 2010). As the

11

1  compliance agent, Freddie Mac is charged with conducting "independent compliance

2  assessments" including "evaluation of documented evidence to confirm adherence ...

3  to HAMP requirements" such as the evaluation of borrower eligibility:

4      Nowhere in the HAMP Guidelines, …, does it expressly provide for a private

5  right of action.  Rather, Congressional intent expressly indicates that compliance

6  authority was delegated solely to Freddie Mac.  By delegating compliance authority to

7  one entity, Freddie Mac, Congress intended that a private cause of action was not

8  permitted.  See *Reyes-Gaona v. N.C. Growers Ass'n.*, 250 F.3d 861, 865 (4th Cir.

9  2001) (reiterating that 'the doctrine of *expressio unis est exclusio alterius* instructs that

10  where a law expressly describes a particular situation to which it shall apply, what was

11  omitted or excluded was intended to be omitted or excluded.').  *Id.*

12      Feldman does not have a right of action under HAMP and it cannot support her

13  claims.  She is not entitled to a loan modification.  Feldman's wish or hope for a

14  permanent modification does not give rise to a claim for breach of contract.  The claim

15  must be dismissed.

16  IX.  **THE COURT SHOULD DISMISS THE FOURTH CAUSE OF ACTION**

17      **FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND**

18      **FAIR DEALING BECAUSE THE RIGHTS OF THE PARTIES ARE**

19      **CIRCUMSCRIBED BY THE EXISTING CONTRACT, FELDMAN IS**

20      **NOT ENTITLED TO A LOAN MODIFICATION, SHE IS NOT A**

21      **BENEFICIARY OF THE HAMP AGREEMENT, AND NO FACTS ARE**

22      **ALLEGED TO SHOW THAT FELDMAN WAS HARMED BY SPS**

23      Feldman's fourth cause of action for breach of the implied covenant of good

24  faith and fair dealing is based on her claims concerning the consideration and grant of

25  a loan modification under HAMP.  Feldman does not allege any facts to show the

26  nature or extent of the implied covenant, or how SPS allegedly breached it.

27      "[I]t is universally recognized [that] the scope of conduct prohibited by the

28  covenant of good faith is circumscribed by the purposes and express terms of the

12

1    contract." *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.,*

2    2 Cal.4th 342, 373 (1992).  The implied covenant "cannot impose substantive duties

3    or limits on the contracting parties beyond those incorporated in the specific terms of

4    their agreement." *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004); accord: *Guz v.*

5    *Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 349-50 (2000).  In particular, the implied covenant

6    cannot be stretched to prohibit a party from doing that which the agreement expressly

7    permits.  *Carma Developers (Cal.), Inc.*, 2 Cal.4th at 374-75.

8           A financial institution owes no duty of care to a borrower where the

9    institution's involvement in the transaction does not exceed the scope of its role as a

10   mere lender of money.  *Nymark v. Heart Federal Sav. & Loan Ass'n.*, 231 Cal.App.3d

11   1089, 1096 (1991).  "A debt is not a trust and there is not a fiduciary relation between

12   debtor and creditor as such.  The same principle should apply with even greater clarity

13   to the relationship between a bank and its loan customers." *Downey v. Humphreys,*

14   102 Cal.App.2d 323, 332 (1951); *see also Kim v. Sumitomo Bank*, 17 Cal.App.4th

15   974, 981 (1993); and *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989).

16   Defendants do not owe any duties, fiduciary or otherwise, to Feldman.

17          A valid claim for breach of the implied covenant of good faith and fair dealing

18   requires factual allegations supporting five elements:

19                 (1) the existence of a contract; (2) the plaintiff did all, or

20                 substantially all, of the significant things the contract

21                 required; (3) the conditions required for the defendant's

22                 performance had occurred; (4) the defendant unfairly

23                 interfered with the plaintiff's right to receive the benefits of

24                 the contract; and (5) the plaintiff was harmed by the

25                 defendant's conduct.

26   *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *13 (C.D. Cal.

27   Sept. 14, 2010).  Plaintiffs do not allege any of the above elements.

28

1    In this case, Feldman alleges no facts to show the nature or extent of the alleged

2    implied terms, SPS' knowledge of those terms, how SPS breached the terms, or how

3    Feldman was harmed by SPS.  Feldman's argument appears to be policy-related, and

4    not tied to Feldman's performance or loan.  California law is clear that "[t]he covenant

5    of good faith is read into contracts to protect the express covenants or promises of the

6    contract, not to protect some general public policy interest that is not directly tied to

7    the contract's purpose." *Jackson v. Ocwen Loan Serv., LLC*, 2010 U.S. Dist. LEXIS

8    93524, *9 (E.D. Cal. Aug. 20, 2010) (emphasis added); *see also Prasad v. BAC Home*

9    *Loans Servicing LP*, 2010 U.S. Dist. LEXIS 133938, *10-11 (E.D. Cal. Dec. 7, 2010)

10   (The "implied covenant of good faith and fair dealing is limited to assuring

11   compliance with the express terms of the contract, and cannot be extended to create

12   obligations not contemplated by the contract.").  Feldman is not a third-party

13   beneficiary of the HAMP agreement.  Feldman is not entitled to a loan modification.

14   No facts are alleged to show a breach of the implied covenant.  Feldman has not

15   alleged any facts to show that SPS harmed her.  This claim must be dismissed.

16   **X.    THE COURT SHOULD DISMISS THE FIFTH CAUSE OF ACTION**

17   **       FOR PROMISSORY ESTOPPEL BECAUSE FELDMAN DOES NOT**

18   **       ALLEGE ANY FACTS TO SHOW THAT SPS MADE ANY PROMISES,**

19   **       THAT FELDMAN REASONABLY RELIED ON, AND SPS DID NOT**

20   **       VIOLATE HAMP GIVING RISE TO A CAUSE OF ACTION.**

21   Feldman purports to assert a fifth cause of action for Promissory Estoppel based

22   on the same claims previously asserted – that SPS promised her a HAMP modification

23   and that her alleged reasonable reliance prevented her from taking other actions.

24   Com. ¶¶ 68-71.  Feldman's claim is devoid of factual or legal support.

25   To plead a claim of promissory estoppel, a party must allege: "(1) a promise

26   clear and unambiguous in its terms; (2) reliance by the party to whom the promise is

27   made; (3) his reliance must be both reasonable and foreseeable; and (4) the party

28   asserting the estoppel must be injured by his reliance." *Laks v. Coast Federal Sav. &*

14

*Loan Ass'n*, 30 Cal.App.3d 885, 890  (1976).  Plaintiff must also establish causation – that the breach of the alleged promise was a "substantial factor" in causing the alleged damages.  *US Ecology, Inc. v. California*, 129 Cal.App.4th 887, 909  (1976).

Here, Plaintiff alleges that SPS represented it would give her a permanent modification after completing a trial plan.  Com. ¶ 75.  Plaintiff provides no documents or allegations concerning the terms of the modification.  Plaintiff does not allege any facts to show who made the purported representations, when they were made, or their nature.  Plaintiff alleges that her modification effort was denied.  Plaintiff is challenging this determination; however, Plaintiff is not entitled to a loan modification.  *Mabry*.

Furthermore, Plaintiff does not show her reliance was reasonable.  Plaintiff claimed that in reliance on the promise of a modification, she took no further action.  However, Plaintiff alleges that the modification was denied in May 2013.  Com. ¶ 41.  Plaintiff alleges that the foreclosure sale is set for March 2014, ten months later.  Com. ¶ 48.  Plaintiff has more than enough time to consider alternatives to foreclosure, including a short sale, refinance, or sale of the property.  None of the elements of this claim are satisfied.  It should be dismissed.

## XI.   THE COURT SHOULD DISMISS THE SIXTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION AND SEVENTH CAUSE OF ACTION FOR FRAUD BECAUSE FELDMAN DOES NOT ALLEGE ANY FACTS TO SHOW THAT SPS CONCEALED ANY FACTS OR MADE ANY MATERIAL MISREPRESENTATIONS, OR THAT FELDMAN WAS DAMAGED BY ANY ACT OR OMISSION OF SPS

To state a claim for fraud, the plaintiff must allege "a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance on the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey*, 220 Cal.App.3d 59, 72-23 (1990).  "[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

1   Fed. R. Civ. P. 9(b).  Rule 9(b) requires that the pleader state the time, place, and
2   specific content of the false representations as well as the identities of the parties to
3   the misrepresentation.  *Id.*; *Sebastian Int'l, Inc. v. Russolillo*, 128 F.Supp.2d 630, 634-
4   35 (C.D. Cal. 2001).  A plaintiff must plead "facts which show how, when, where, to
5   whom, and by what means the representations were tendered."  *Stansfield v. Starkey*,
6   220 Cal.App.3d 59, 73-74 (1990).

7        In addition, Rule 9(b) does not allow a complaint to merely lump multiple
8   defendants together but "require[s] plaintiffs to differentiate their allegations when
9   suing more than one defendant . . . and inform each defendant separately of the
10  allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*,
11  476 F.3d 756, 764-65 (9th Cir. 2007).  "[T]he plaintiffs must, at a minimum, 'identify
12  the role of each defendant in the alleged fraudulent scheme.'"  *Id.*, quoting *Moore v.
13  Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

14       Here, Plaintiff fails to plead her claim for fraud with the particularity required
15  by Rule 9(b).  Plaintiff claims that SPS made representations that it would give a
16  permanent loan modification.  Com. ¶ 75.  Feldman alleges that she relied on the
17  representation and did not seek other remedies or pursue other options.  Com. ¶ 80.
18  However, Feldman alleges no facts to support the claim.  Feldman does not allege any
19  facts to show what were the specific representations.  Feldman does not allege any
20  facts to show that SPS knew those representations were false.  Feldman does not
21  allege any facts to show that SPS intended to defraud Feldman.  Feldman does not
22  even allege any facts to show her justifiable reliance.  Once the modification was
23  denied, in May 2013, Feldman had at least six months before the foreclosure process
24  was started.  Notice of Default, Com., Ex. "E," and four more months before the
25  foreclosure sale was scheduled.  Feldman alleges no facts about NDSC.  Finally,
26  Feldman cannot show that she has been damaged by any act or omission of SPS or
27  any other Defendant.  Feldman's damages are caused solely by her failure to repay her
28  mortgage.  There is no basis to the fraud claims.  They should be dismissed.

16

455506.1

## XII.   FELDMAN LACKS STANDING TO ASSERT THE  EIGHTH CAUSE OF ACTION FOR VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, AND SHE DOES NOT ALLEGE ANY FACTS TO SHOW THAT DEFENDANTS ACTED UNLAWFULLY, UNFAIRLY OR FRAUDULENTLY

Plaintiff's eighth cause of action is a general claim under California's Business and Professions Code section 17200 ("UCL").  Plaintiff has not alleged sufficient facts to plead any unlawful, unfair, or fraudulent conduct.  She lacks standing to assert this claim.

Initially, Feldman lacks standing to pursue this claim.  After Proposition 64, standing to pursue an unfair competition claim is limited to certain specified public officials and to any person who "has suffered injury in fact and has lost money or property as a result of such unfair competition."  *Peterson v. Cellco Partnership*, 164 Cal.App.4th 1583, 1590 (2008) (citations omitted); Cal. Bus. & Prof. Code, § 17204. "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation."  *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 855 (2008); *see also Laster v. T-Mobile United States, Inc.*, 407 F.Supp.2d 1181 (S.D. Cal. 2005) (no standing where plaintiffs did not allege they relied on allegedly false or misleading advertising).  "A private plaintiff must make a twofold showing:  he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition."  *Peterson*, 164 Cal.App.4th at 1590; Cal. Bus. & Prof. Code, § 17204. Feldman has not, and cannot, allege that she suffered injury in fact or lost money or property.  She obtained a loan for hundreds of thousands of dollars and defaulted.  Her failure to repay the loan is caused by Feldman – not Defendants.  There are no facts alleged to show that Defendants caused Feldman any injury in fact or loss of money or property.  Feldman lacks standing to pursue this claim.  It should be dismissed.

455506.1

1      Even if Feldman has standing to pursue this claim, she has not alleged sufficient

2  facts to support it.  A "violation of another law is a predicate for stating a cause of

3  action under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152

4  Cal.App.4th 1544, 1554 (2007).  "In effect, the UCL borrows violations of other

5  laws . . . and makes those unlawful practices actionable under the UCL." *Lazar v.*

6  *Hertz Corp.*, 69 Cal.App.4th 1494, 1505 (1999).  A claim for violation of the UCL

7  stands or falls depending on the fate of antecedent substantive causes of action.

8  *Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001).  Feldman has not

9  alleged facts to show that SPS acted unlawfully.

10      Plaintiff also has not alleged sufficiently that Defendants engaged in "unfair"

11  conduct under California's Business and Professions Code section 17200.  "Unfair"

12  conduct has been defined as conduct that "offends an established public policy or . . .

13  is immoral, unethical, oppressive, unscrupulous or substantially injurious to

14  consumers." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 939 (2003).

15  When "determining whether the challenged conduct is unfair within the meaning of

16  the unfair competition law . . .  courts may not apply purely subjective notions of

17  fairness." *Id.* at 941.  Rather, a plaintiff's claim under 17200, if based on some public

18  policy, must be "tethered" to a specific constitutional, statutory, or regulatory

19  provision to find an objective basis for determining whether the alleged conduct is

20  unfair. *See id.* at 940.  Plaintiff has not alleged any facts showing his claim under

21  17200 is "tethered" to a specific constitutional, statutory, or regulatory provision.

22      Plaintiff has not set forth a viable claim under the "fraudulent" prong of the

23  UCL.  When allegations of fraud under section 17200 are made against corporate

24  defendants, the "requirements of specificity . . . requires the plaintiff to allege the

25  names of the persons who made the allegedly fraudulent representations, their

26  authority to speak, to whom they spoke, what they said or wrote, and when it was said

27  or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157

28

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. CV14-0840-MMM (SSx)**

1   (1991).  As already discussed, Plaintiff has not sufficiently pleaded any fact specifying

2   any fraudulent act.

3          A court may not allow a plaintiff to "plead around an absolute bar to relief

4   simply by recasting the claim as one for unfair competition."  *Chabner v. United of*

5   *Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  The plaintiff must also

6   plead a UCL claim with the requisite particularity.  *See Khoury v. Maly's of*

7   *California, Inc.*, 14 Cal.App.4th 612, 619 (1993); *People v. McKale*, 25 Cal.3d 626

8   (1979) (holding "purely conclusory" allegations of UCL violations are "insufficient to

9   withstand demurrer").

10          Here, in conclusory fashion, Feldman alleges that she is entitled to a loan

11   modification and she is a beneficiary of the HAMP agreement.  As shown above,

12   these claims are erroneous.  Feldman is not entitled to a loan modification.  *Mabry*,

13   *supra*.  Feldman is not entitled to any HAMP remedy.  She did not repay her

14   mortgage.  Defendants did nothing more than service a loan that was in default.  They

15   are entitled to foreclose.

16   **XIII.  <u>CONCLUSION</u>**

17          Feldman defaulted on her loan was denied a HAMP modification in May 2013.

18   Rather than try to refinance or sell her property or seek a short sale before the March

19   2014 foreclosure sale, scheduled for ten months after the denial, Feldman files this

20   action without assert factual support or valid legal theories.  MERS assigned its

21   interest in 2010 and is not alleged to have acted wrongfully.  NDSC is not alleged to

22   have harmed Feldman by any act or omission.  Feldman alleges that SPS assessed her

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1   financial condition and explored alternatives to foreclosure.  Feldman is not entitled to

2   a specific loan modification, or any loan modification.  There is no basis to the

3   Complaint.  It should be dismissed.

4

5   DATED:  February 27, 2014                    **McGLINCHEY STAFFORD**

6

7   By:___/s/___Sanford P. Shatz_____
        SANFORD P. SHATZ
8       JOHN CALVAGNA
        HASSAN ELRAKABAWY
9   Attorneys for Defendants **SELECT
    PORTFOLIO SERVICING, INC.;**
10  **MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, INC. and**
11  **NATIONAL DEFAULT SERVICING
    CORPORATION**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS – CASE NO. CV14-0840-MMM (SSx)**

455506.1

# PROOF OF SERVICE

**STATE OF CALIFORNIA**    )
                               )    **ss.**
**COUNTY OF ORANGE**      )

I, Marina Hegel, declare:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 8001 Irvine Center Drive, Suite 400, Irvine, California 92618.

On February 27, 2014, I served the document(s) described **as NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF EMMA FELDMAN'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) BY DEFENDANTS SELECT PORTFOLIO SERVICING, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND NATIONAL DEFAULT SERVICING CORPORATION; MEMORANDUM OF POINTS AND AUTHORITIES** as follows:

☐   **BY MAIL:**  As follows:

    ☐    **FEDERAL –** I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☒   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court.  Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒   **FEDERAL:**  I declare that I employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on February 27, 2014, at Irvine, California.

_____
Marina Hegel

454759.1

1

**SERVICE LIST**
**United States District Court, Case No. CV14-0840-MMM-SSx**
**Emma Feldman v. Select Portfolio Servicing, Inc., et al.**
**File # 104823.0052**

2

3

| | |
|---|---|
| Joseph L. De Clue, Esq. | Attorneys for Plaintiff **EMMA** |
| MILLENIA LAW OFFICES | **FELDMAN** |
| 2280 Wardlow Circle, Suite 255 | |
| Corona, CA  92880 | Tel:  (951) 280-1313 |
| | Fax:  (951) 403-6302 |
| | Email:  jldecluejr@gmail.com |
| | rockymendez1977@gmail.com |

4

5

6

7

8

| | |
|---|---|
| Mark V. Asdourian, Esq. | Attorneys for Defendant **WMC** |
| Jamie L. Ackerman, Esq. | **MORTGAGE, LLC** |
| MARK V. ASDOURIAN, PLC | |
| 4675 MacArthur Court, Suite 490 | Tel:  (949) 644-5300 |
| Newport Beach, CA 92660 | Fax:  (949) 644-5301 |
| | Email:  mva-esq@pacbell.net |
| | mark@asdourianlaw.com |
| | jamie@asdourianlaw.com |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

454759.1